UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

     Plaintiff,
vs.

DICK'S SPORTING GOODS, INC.
d/b/a Dick's Sporting Goods #1074 and
KRCX WRI HOLDINGS, LLC

     Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Dick's Sporting Goods, Inc. d/b/a Dick's Sporting Goods #1074 and Defendant KRCX WRI Holdings, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" of public accommodations compliance with the ADA and ADAAG.

5. Defendant Dick's Sporting Goods, Inc. (also referenced as "Defendant Dick's," "operator," "lessee" or "co-Defendant") is a foreign for-profit corporation authorized to transact business in the state of Florida. Dick's Sporting Goods, Inc. is a public corporation traded on the NYSE and is a part of the S&P 400 retail component. Defendant Dick's is the largest sporting goods retail company in the in the United States with 854 locations (as of 2020) and 50,100 employees (as of 2021) and reported gross revenue of $9.584 billion in 2020.

6. Defendant KRCX WRI Holdings, LLC (also referenced as "Defendant Holdings," "lessor," "owner," or "co-Defendant") is a foreign limited liability company authorized to transact business in the state of Florida. Defendant Holdings is the owner of real property built out as a mixed-use community shopping center complex which is located at 8268 Mills Drive, 8505 Mills Drive, 18110 Mills Drive and 11900 Mills Drive in Kendall, Florida 33183 which is also referenced as Folios 30-4936-007-0020, 30-4936-007-0050 (including portion with no address: 30-4936-041-0015) and 30-4936-007-0065 (respectively).

7. Defendant Holdings' mixed-use community shopping complex has been branded "The Palms at Town and Country." Defendant Holdings leases its mixed-use community shopping center (in part) to public accommodations including (but not limited to) Publix supermarket, Kohl's, Marshalls, Nordstrom Rack, Total Wine, Outback Steakhouse, and other retail and restaurant businesses. Defendant Holdings also leases a portion of its real property to co-Defendant Dick's Sporting Goods who in turn operates it Dick's Sporting Goods brand sporting goods store (which is the subject of this instant action) at the 11900 Mills Drive location, which is within the real property designated Folio 30-4936-007-0065.

**FACTS**

8. All Dick's Sporting Goods stores are places of public accommodation pursuant to 42 U.S.C. §§12181(7)(E) as "other sales establishments." The Dick's Sporting Goods store located at 11900 Mills Drive (which is within The Palms at Town and Country shopping center) which is the subject of this complaint is also referenced as "Dick's Sporting Goods #1074," "Dick's Sporting Goods store," "Dick's Sporting Goods at The Palms at Town & Country," "sporting goods retail store," or "place of public accommodation."

9. As the operator of (retail) sporting goods stores which are open to the public, Defendant Dick's is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates (retail) sporting goods retail stores; 42 U.S.C. §12182, 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

10. As the owner of The Palms at Town & Country community shopping center which is operated as various places of public accommodation including Dick's Sporting

Goods retail store which is open to the public, Defendant Holdings is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

11. Due to the proximity of Plaintiff's home to The Palms at Town & Country community shopping center, on November 7, 2021 Plaintiff went to the Dick's Sporting Goods store located therein to shop.

12. While intent on patronizing and testing the Dick's Sporting Goods at The Palms at Town & Country shopping center for ADA/ADAAG compliance, Plaintiff had occasion to utilize the restroom and while in the restroom, Plaintiff met multiple areas of inaccessibility.

13. Due to the non-ADA compliant restroom facilities, Plaintiff has been denied full and equal access by Defendant Dick's, the operator of the sporting goods store and by Defendant Holdings, the owner of The Palms at Town & Country shopping center within which the Dick's Sporting Goods store is located.

14. As the owner/operator of 854 Dick's Sporting Goods branded retail stores, Defendant Dick's is well aware of the ADA and the need to provide for equal access in all areas of its retail stores. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its sporting goods retail store located at The Palms at Town & Country is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As an investor and owner of The Palms at Town & Country shopping center complex being used as various places of public accommodation, Defendant Holdings is aware of the ADA and the need to provide for equal access in all areas of it's shopping

center complex which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that The Palms at Town & Country is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16.     As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17.     Plaintiff continues to desire to patronize and test the Dick's Sporting Goods #1074 retail store for ADA/ADAAG compliance, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18.     Any and all requisite notice has been provided.

19.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20.     The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

 (ii)  provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

 (iii)  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

   42 U.S.C. §12101(b)(1)(2) and (4).

  22. Prior to the filing of this lawsuit, Plaintiff personally visited the Dick's Sporting Goods #1074 retail store, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

  23. Defendant Dick's (operator of the Dick's Sporting Goods at The Palms at Town & Country shopping center) and Defendant Holdings (owner of The Palms at Town & Country shopping center which includes Dick's Sporting Goods #1074) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at that retail store in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

  24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the subject Dick's Sporting Goods store.

  25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. The Dick's Sporting Goods store (operated by Defendant Dick's) which is located within The Palms at Town & Country shopping center (owned by Defendant Holdings) is in violation of 42 U.S.C. §12181 *et seq.,* the ADA, and 28 C.F.R. §36.302 *et seq.* As such, both the Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Dick's Sporting Goods, Inc. (lessee/operator) and Defendant Holdings (owner/lessor) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative Section 4.13.11 and other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. The 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

ii. As to Defendant Dick's Sporting Goods, Inc. (lessee/operator) and Defendant Holdings (owner/lessor) (jointly and severally), when in the restroom, Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors shall be self-closing.  This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 which states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

iii. As to Defendant Dick's Sporting Goods, Inc. (lessee/operator) and Defendant Holdings (owner/lessor) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design.  According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall to the center line of toilet. The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall to the center line of toilet or min (1065 cm) from the secondary side wall to the center of the toilet.

iv. As to Defendant Dick's Sporting Goods, Inc. (lessee/operator) and Defendant Holdings (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that

        the side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

v. As to Defendant Dick's Sporting Goods, Inc. (lessee/operator) and Defendant Holdings (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the toilet tissue dispenser is mounted over the side wall grab bar which infringes on the required space. Wall-mounted objects, such as toilet tissue dispensers, can interfere with the use of grab bars if placed above grab bars which is a violation of Section 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards for Accessible Design which states that the space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum, and the space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum.

vi. As to Defendant Dick's Sporting Goods, Inc. (lessee/operator) and Defendant Holdings (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory inside the stall without assistance due to the encroaching item (trash can). Because the trash bin encroaches over lavatory clear floor space, this is a violation of Section 4.19.3 of the ADAAG and Section 606.2 of the 2010 ADA Standards for Accessible Design. Section 4.19.3 states that clear floor space must comply with Section 4.2.4 and allow for a forward approach in front of a lavatory shall be provided with dimensions of: 30 in by 48 in (760 mm by 1220 mm). Section 606.2 states that clear floor space must comply with Section 305 (30 inches minimum by 48 inches

    minimum) positioned for a forward approach. The trash bin encroaches over this clear floor space.

vii. As to Defendant Dick's Sporting Goods, Inc. (lessee/operator) and Defendant Holdings (owner/lessor) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink (outside the stall) because the bottom sink pipes are not wrapped. Insulation to protect users of that sink against the plumbing pipes under the sink is non-existent. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

viii. As to Defendant Dick's Sporting Goods, Inc. (lessee/operator) and Defendant Holdings (owner/lessor) (jointly and severally), Plaintiff could not open the restroom door without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to the trash bin on the pull side of the door. This is a violation of Section 4.13.6 of the ADAAG which states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. This is also a violation of Section 404.2.4 of the 2010 ADA Standards for Accessible Design which states that minimum maneuvering clearances at doors and gates shall comply with (the table at)

404.2.4; in this instance, the encroaching trash bin is in violation of the minimum required maneuvering clearances.

28. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the commercial property which is being operated as a Dick's Sporting Goods store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the sporting goods retail store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant KRCX WRI Holdings, LLC (owner of The Palms at Town & Country community shopping center which houses the Dick's Sporting Goods store) and Defendant Dick's Sporting Goods, Inc., Inc. (operator of that Dick's Sporting Goods store) and requests the following relief:

    a) The Court declare that Defendants have violated the ADA;

    b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

    c) The Court enter an Order requiring that Defendants alter the Dick's Sporting Goods store located within The Palms at Town & Country shopping center such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

    d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 4th day of January 2022.

Respectfully submitted,

/s/ J. Courtney Cunningham
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*